**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

UNITED STATES., et al.,
Plaintiff,
v.
RAYMOND CHARLES LONG,
Defendant.

No. CR 00-0348 CBM

ORDER GRANTING DEFENDANT'S MOTION REQUESTING CLARIFICATION OF THE COURT'S SENTENCING ORDER

The matter before the Court, the Honorable Consuelo B. Marshall, United States District Judge presiding, is Defendant Raymond Charles Long's unopposed Motion Requesting Clarification of the Court Sentencing Order ("Motion").

**JURISDICTION**

The Court has jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2255.

**BACKGROUND**

**A. Factual and Procedural History**

On June 6, 1999, the Los Angeles Police Department executed a search warrant of Defendant's resident and discovered rock cocaine, marijuana and a gun. Defendant, who was present at the time of the search, was taken into custody. On September 20, 1999, Defendant pled guilty in California Superior Court to possession

of a controlled substance for sale ("California Conviction"). On October 8, 1999, while Defendant was out on bond awaiting sentencing on the California Conviction, the California Superior Court issued a second search warrant for Defendant's residence. During the search, cocaine was found in a shoe box from which Defendant's fingerprints were lifted. Based on evidence seized during the search, Defendant was indicted for violating 21 U.S.C. § 841(a)(1).

On November 3, 1999, Defendant was sentenced to a four year term on the California Conviction. *See* Certified Abstract of Judgment (attached hereto as Exh. A). On June 12, 2000, Defendant entered a plea of not guilty to violation of 21 U.S.C. § 841(a)(1) in federal court. Two months later, on August 29, the United States filed a superseding indictment alleging both the crime originally charged on October 8, 1999, and adding the prior California Conviction. On November 21, 2000, Defendant pled guilty to violating 21 U.S.C. 841(a)(1) (Distribution of Cocaine Base) pursuant to a plea agreement. In exchange for the plea, the Government agreed to recommend that Defendant's sentence be served concurrently with the four-year sentence imposed by the State of California.[1]

At the January 13, 2003 sentencing hearing, this Court sentenced Defendant to 262 months to run "concurrently to the Four (4) Year prison sentence emanating from Los Angeles County Superior Court, Case No. TA101442, **as of November 3, 1999**."

---

[1] Defendant Long pled guilty to Count 4 of the First Superseding Indictment, which charged a violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Cocaine Base. Count 4 alleged:

> Beginning on an unknown date and continuing until on or about October 8, 1999, in Los Angeles County, Long knowingly and intentionally possessed with the intent to distribute in excess of 50 grams, that is, approximately 360 grams, of a mixture or substance containing a detectable amount of cocaine base, which was seized from 1519 East 114th Street, Unit 835, Los Angeles.

*See* Presentence Report at 2. The Plea Agreement also indicates that the Government will "dismiss the information filed on June 29, 2000, which alleges a prior narcotics conviction." Plea Agreement at ¶ 12(c).

Judgment and Probation Order entered 4/7/2003 (emphasis added) ("Federal Conviction").

Relevant testimony from the January 13, 2003 sentencing hearing follows:

THE COURT: And the Defendant indicates that he has completed the state sentence; is that correct?

MR. PRICE (Defense Counsel): That's correct, Your Honor.

THE COURT: The plea agreement was that any state sentence or this sentence would be served concurrently with any state sentence that he had to complete?

MR. PRICE: That is correct, Your Honor.

DEFENDANT: I get out February 12 [sic]. I got out yesterday on that.

MR. PRICE: My inquiry with the Bureau of Prisons, specifically the new corrections manager at Long Beach, Mr. Steve Hedges, if the Court in the judgment and commitment, anyway the Court knows what I'm talking about. I think it's the judgment and commitment order?

THE COURT: Yes, judgment and commitment order.

MR. PRICE: Right. If the Court would indicate that the sentence -- the federal sentence is to be served concurrent with the state sentence and the federal sentence started running November 3, 1999, that will cause that concurrency. I made that inquiry with Mr. Hedges sometime ago because if the Court fails to do it, they will send inquiry back to the Court asking for the date.

THE COURT: What's the significance of the November 3, '99 date?

MR. BROWN (AUSA): That's the date he went into custody.

THE COURT: Federal custody?

MR. PRICE: He went into state custody.

THE COURT: State custody. All right, did the government wish to place anything further on the record before the Court imposes sentence.

[Court and AUSA have discussion about necessity of having the Defendant confirm guilt on the record, and Court finds it is not necessary based on the Court's review of the plea transcript]

MR. BROWN: Then the government would recommend a concurrent sentence with his state sentence as we have been discussing and recommend a sentence at the low end of the guideline range 262 months.

* * * *

THE COURT: The Court will then sentence as follows: The Court does find that the offense level is 34, the criminal history category is 6, the guideline range is 262 to 327 months, and the Court will sentence at the low end. * * * * Pursuant to the Sentencing Reform Act of 1984 it is the judgment of the Court that the defendant be committed on Count 4 of the First Superseding Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 262 months. This term shall be served concurrently to the four year prison sentence emanating from Los Angeles County Superior Court case number TA-101442. And for purposes of the concurrent sentence, the Court would find that the time period is as of November 3, 1999. *See* January 13, 2003 Sentencing Hearing Transcript at 29:7-35:2.

Consistent with the Court's pronouncement at the sentencing hearing, on March 28, 2003, the Court issued a Judgment and Probation/Commitment Order ("Judgment") sentencing Defendant to Two Hundred and Sixty Two (262) Months and stating, "[T]his term shall be served concurrently to the Four (4) Year prison sentence emanating from Los Angeles County Superior Court, Case No. TA101442, as of November 3, 1999." Judgment at 1.

Subsequent to his commitment to federal custody, Defendant learned that the Bureau of Prisons ("BOP") calculated his sentence using a commencement date of January 13, 2003. In his Motion for Clarification of the Court's Sentencing Order, Defendant asserts that it was the understanding of the parties, and the intent of this

Court, that his sentence would commence effective November 3, 1999, which is the date he began serving the sentence for his California Conviction.

**DISCUSSION**

Having reviewed the factual and procedural history, including the PSR, the sentencing hearing transcript and the Judgment and Commitment Order, the Court concludes that its intent, consistent with the recommendation of the parties, was to order a federal sentence of 262 months less the amount of time imposed for Defendant's California Conviction. Since the State of California imposed a 4 year sentence, the Court's intent was to impose a federal sentence of 214 months (i.e., 262 months less 48 months). However, as set forth below, the BOP could not effectuate the intended sentence because this Court was not authorized to set the commencement date of Defendant's federal sentence or to grant Defendant credit for the time served in state custody.

**A. District Courts Lack Authority to Set Commencement Dates**

The commencement of a federal sentence is governed by 18 U.S.C. § 3585(a), which provides:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

Courts have routinely held that, under the express terms of the statute, a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence that is already being served. *See e.g., United States v. LaVeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998) ("We see nothing in [§3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be

served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]") (internal quotations and brackets omitted); *United States v. Segal*, 549 F.2d 1293, 1301 (9th Cir. 1977) (construing former § 3568 and holding "a federal term cannot begin until a prisoner has been received by federal authorities").

Because a federal sentence cannot commence prior to the date it is pronounced, this Court lacked authority to order Defendant's sentence to commence effective November 3, 1999.

**B. District Courts Lack Authority to Grant Credit for Time Served**

This Court likewise lacked authority to grant Defendant credit for the time he served in state custody prior to the imposition of his federal sentence. *See United States v. Wilson*, 503 U.S. 329, 333-34 (1992). In *Wilson*, the Supreme Court held that § 3585(b)[2] does not authorize a district court to compute credit for time served. *United States v. Wilson*, 503 U.S. 329, 333-34 (1992). Rather, the prerogative to grant credits in the first instance rests with the Attorney General, acting through the BOP. *Id.* at 334-35.

Following *Wilson*, the Ninth Circuit has held that "district courts lack authority at sentencing to give credit for time served." *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) *citing United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002). Even assuming § 3585 authorized the Court to credit Long for the time he served in state prison, the state court sentence was credited against Long's California

---

[2] 18 U.S.C. § 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Conviction and could not be double counted against his federal conviction under the express terms of § 3585(b).

**C. The Court Was Authorized to Order a Downward Departure**

Although the Court lacked authority to order Defendant's sentence to commence prior to imposition of the sentence, or to give Defendant credit for the time he served in California custody, this Court was authorized to order a downward departure pursuant to 18 U.S.C. § 3553(b). *Witte v. United States*, 515 U.S. 389, 404-06 (1995); *see also United States v. Otto*, 176 F.3d 416, 418 (8th Cir. 1999) (holding "a District Court has authority to depart downward in order to give a defendant credit for time served on his expired state sentence").

> Even if the Sentencing Commission had not formalized sentencing for multiple convictions in this way, district courts under the Guidelines retain enough flexibility in appropriate cases to take into account the fact that conduct underlying the offense at issue has previously been taken into account in sentencing for another offense. As the Commission has explained, "[u]nder 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'"

*Witte*, 515 U.S. at 405-06 *citing* USSG § 5K2.0 (policy statement).

Thus, the Court's intended sentence could have been carried out by the BOP if the Court had ordered a downward departure. However, because all concerned believed that the intended sentence could be effectuated by ordering Defendant's federal sentence to run concurrent to his California state sentence "as of" the date he began serving that sentence, there was no request for a departure nor any discussion on the record concerning a departure on this basis, and the Court did not therefore order a departure to account for the time Defendant was ordered to serve on his California Conviction.

////

**E. Effecting the Court's Intended Sentence**

As stated above, the Court was not authorized to impose a sentence that was deemed to commence as of the date Defendant began serving the state sentence for his California Conviction. Thus, Defendant's sentence, as set forth in the Judgment and Commitment Order, cannot lawfully give effect to the Court's intended sentence. Pursuant to 28 U.S.C. § 2255, if the "sentence imposed was not authorized by law," the Court "shall vacate and set the judgment aside" and shall resentence the prisoner "or correct the sentence as may appear appropriate."

On November 20, 2007, the Court issued an Order to Show Cause ("OSC") why Defendant's Motion Requesting Clarification of the Court's Sentencing Order should not be granted. On December 3, 2007, Plaintiff United States of America and counsel for Defendant Long filed a joint response to the OSC in which they agreed that Defendant's Motion should be granted. *See* Joint Response to Order to Show Cause by Stipulation to Proposed Re-Sentencing (Docket No. 83) at 2. The parties stipulated that the "intended federal sentence, which was to be less the time served by defendant in state custody, should be the sentence imposed upon resentencing . . . through a forthwith reduction in the original sentence." *Id.*

Pursuant to 28 U.S.C. § 2255, and the stipulation of the parties, the Court hereby GRANTS Defendant's Motion Requesting Clarification of the Court's Sentencing Order. The Court concurrently issues an Amended Judgment and Commitment Order to reflect a downward departure and a corrected sentence of 214 months in federal custody.

IT IS SO ORDERED.

DATE: February 13, 2008

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

CR-290.1

# ABSTRACT OF JUDGMENT—PRISON COMMITMENT—DETERMINATE SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

*[Not to be used for multiple count convictions or for 1/3 consecutive sentences]*

[X] SUPERIOR COURT OF CALIFORNIA, COUNTY OF: LOS ANGELES
[ ] MUNICIPAL BRANCH OR JUDICIAL DISTRICT: SOUTH CENTRAL

FILED LOS ANGELES SUPERIOR COURT NOV 09 1999 JOHN A. CLARKE, CLERK BY F. TILLAGE, DEPUTY

PEOPLE OF THE STATE OF CALIFORNIA vs. DEFENDANT: LONG, RAYMOND CHARLES DOB: 10-05-64

CASE NUMBER: TA101442

AKA:

CII#: A06525732

BOOKING #: [ ] NOT PRESENT

COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT [ ] AMENDED ABSTRACT

| DATE OF HEARING | DEPT. NO. | JUDGE |
|---|---|---|
| 11-03-99 | DIV 10 | I BROWN |
| CLERK: R BASKOM | REPORTER: C LARSON | PROBATION NO. OR PROBATION OFFICER: X-0142191 |
| COUNSEL FOR PEOPLE: L JOHNSON | | COUNSEL FOR DEFENDANT: F DUNCAN PRVT. [ ] APPTD. |

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DAY/YEAR) | JURY | COURT | PLEA | TERM (L, M, U) | YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS | 11351 | POSS NARC CONTRL SUBST FOR SALE | 1999 | 09 20 99 | | | X | L | 2 | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 1170.12A-D | 2 | | | | | | | 2 |

4. [X] Defendant was sentenced pursuant to PC 667(b)-(i) or PC 1170.12 (two-strikes).
5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a. RESTITUTION FINE of: $ 200.00 per PC 1202.4(b) forthwith per PC 2085.5.
   b. RESTITUTION FINE of: $ 200.00 per PC 1202.45 suspended unless parole is revoked.
   c. RESTITUTION of: $ ______ per PC 1202.4(f) to [ ] victim(s)* [ ] Restitution Fund
   (*List victim name(s) if known and amount breakdown in item 7, below.)
   (1) [ ] Amount to be determined. (2) [ ] Interest rate of: ____% (not to exceed 10% per PC 1204.4(f)(3)(F)).
   d. [X] LAB FEE of: $ 50.00 for counts: 1 per H&SC 11372.5(a).
   e. [ ] DRUG PROGRAM FEE of $150 per H&SC 11372.7(a). f. [ ] FINE of: $ ______ per PC 1202.5.
6. TESTING: [ ] AIDS [ ] DNA pursuant to [ ] PC 1202.1 [ ] PC 290.2 [ ] other *(specify)*:
7. Other orders *(specify)*:

8. TOTAL TIME IMPOSED: 4
9. [ ] This sentence is to run concurrent with *(specify)*:
10. Execution of sentence imposed
   a. [X] at initial sentencing hearing.
   b. [ ] at resentencing per decision on appeal.
   c. [ ] after revocation of probation.
   d. [ ] at resentencing per recall of commitment. (PC 1170(d).)
   e. [ ] other *(specify)*:
11. DATE SENTENCE PRONOUNCED: 11-03-99 | CREDIT FOR TIME SPENT IN CUSTODY TOTAL DAYS: 2 INCLUDING: ACTUAL LOCAL TIME: 2 LOCAL CONDUCT CREDITS: 0 [ ] 4019 [ ] 2933.1 | SERVED TIME IN STATE INSTITUTION: [ ] DMH [ ] CDC [ ] CRC
12. The defendant is remanded to the custody of the sheriff [X] forthwith [ ] after 48 hours excluding Saturdays, Sundays, and holidays.
   To be delivered to [X] the reception center designated by the director of the California Department of Corrections.
   [ ] other *(specify)*:

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE: F.TILLAGE [signature] DATE: 11-09-99

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.