1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND LONG<br><br>Defendant. | No. CR 00-0348-CBM<br><br>#89<br><br>**ORDER DENYING DEFENDANT RAYMOND LONG'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

19   The matter before the Court is Defendant Raymond Long's Motion to

20   Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of the

21   papers and arguments presented, the Court DENIES the Motion.

22                **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

23   Long pled guilty to possession with intent to distribute approximately 360

24   grams of cocaine base (more commonly known as crack cocaine) in violation of

25   21 U.S.C. § 841(a)(1). The Court sentenced Long to 262 months in prison to run

26   concurrently to the four-year prison sentence emanating from Los Angeles

27
28

1

1    Superior Court, Case No. TA 101442, as of November 3, 1999.[1] [Doc No. 68].

2    Long's sentence was based on the "career offender" guideline, which

3    determines the base offense level solely on the maximum statutory penalty of the

4    crime.  The career offender guideline was applicable because: (1) Long was at

5    least 18 years old at the time of the instant offense; (2) the instant offense was a

6    controlled substance felony; and (3) Long had at least two prior adult felony

7    convictions[2] that were either a crime of violence or a controlled substance offense.

8    U.S. SENTENCING GUIDELINES MANUAL § 4B1.1.; *see also* Presentence Report

9    ("PSR") ¶ 45.  The statutory maximum for the offense was life imprisonment

10   because Long possessed more than fifty grams of crack cocaine.  *See* 21 U.S.C. §

11   841(b)(1)(A)(iii).  The base offense level pursuant to § 4B1.1 and based on a

12   maximum penalty of life, is 37.  The Court deducted three from the base offense

13   level for acceptance of responsibility to give Long a total offense level of 34.  PSR

14   ¶ 47.  All career offenders have a criminal history category of VI.  PSR ¶ 74.  A

15   total offense level of 34 in conjunction with a criminal history category of VI

16   results in a sentencing range of 262 to 327 months.  PSR ¶ 106.  Long was

17   sentenced on the low end of that range for 262 months.

18                                  **LEGAL STANDARD**

19   A Court may modify a sentence in a case where a defendant has been

20   sentenced with a guideline that has since been lowered pursuant to 28 U.S.C. §

21   994(o).  18 U.S.C. § 3582(c)(2).  If an amendment to the guidelines does not

22   change the original sentencing analysis, a motion for reduction of the sentence is

23
24   [1] On June 20, 2007, Long requested clarification of the Court's sentencing Order.  Thereafter, Long and the
     Government stipulated that "the intended federal sentence, which was to be less the time served by defendant in
     state custody, should be the sentence imposed upon resentencing." [Doc No.83 , 2:2-4].  The Court reduced Long's
25   sentence from 262 months to 214 months considering that the Court's intent at the sentencing hearing was to
     impose a federal sentence of 214 months (i.e., 262 months less 48 months served in state custody). [Doc Nos. 87,
26   88].

27   [2] On August 1, 1986 Long was convicted of Willful Cruelty to Child with Great Bodily Injury in the Madera
     County Superior Court.  PSR ¶ 46.  On August 27, 1991, Long was convicted of possession of cocaine base for
     sale in the Los Angeles Superior Court.  *Id.*
28

properly denied. *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir.1996).

## DISCUSSION

Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which reduced offense levels in most crack cocaine cases by two levels and made these changes retroactive. *See* United States Sentencing Commission Guidelines Manual, Supplement to Appendix C, Amendment 706 (2008). Long argues that this Court has the authority to reduce his sentence under 18 U.S.C. § 3582(c)(2) because his sentence was based, at least in part, on the Guideline range for the amount of crack cocaine at issue in his offense.

The Court finds that Amendment 706 does not apply to Long because he was sentenced under the career offender guideline and not the amount of crack cocaine at issue. The Court sentenced Long pursuant to §4B1.1, the career offender guideline, and not under §2D1.1, the Guideline range for the amount of crack cocaine at issue in Long's offense. Therefore, the Court may not reduce Long's sentence pursuant to 18 U.S.C. § 3582(c).

## CONCLUSION

For the foregoing reasons, Long's Motion is DENIED.


IT IS SO ORDERED.


DATED:  March 6, 2009                 By _____
                                          CONSUELO B. MARSHALL
                                          UNITED STATES DISTRICT JUDGE